# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SONJA SELF, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. |
| v. | ) |
| | ) |
| THE KROGER CO., KROGER, | ) |
| AND JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANT THE KROGER CO.'S PETITION FOR REMOVAL**

COME NOW Defendant The Kroger Co. ("Defendant"), by and through undersigned counsel, and shows this Honorable Court the following:

1.

This action was filed in the State Court of Cobb County, Georgia on November 4, 2021. Plaintiff's Complaint is attached hereto as Exhibit "A". Defendant's Answer is attached hereto as Exhibit "B". Defendant's Demand for Trial by a Jury of Twelve Persons is attached hereto as Exhibit "C")[1].

2.

The action is a civil action for personal bodily injuries and medical expenses where Plaintiff alleges he sustained "severe injuries", including shoulder, knee, and spine injuries at a Kroger store No. 424 located at 1475 Buford Drive, Lawrenceville,

---

[1] Defendant's counsel filed Defendant's Answer and 12 Person Jury Demand on November 4, 2021 and have not yet received the file stamped copy. Defense counsel contacted the clerk who indicated the file stamped copy would be returned on November 5, 2021.

Georgia 30043, and the United States District Court for the Northern District of Georgia has jurisdiction by reason of the diversity of citizenship of the parties. The Atlanta Division of this Court is the proper Division for this removal as further set forth below. (N.D.G.A. Local Rule 3.1, (A), LR App. A, 1).

3.

The matter in dispute exceeds $75,000.00, the statutory amount in controversy, exclusive of interest and costs, as evidenced by the Settlement Demand from Plaintiff's counsel dated March 1, 2021 (attached hereto as Exhibit "D") in which Plaintiff's counsel sets forth a demand for $1,000,000.00, based on an incomplete itemization of medical expenses in excess of $408,025.68.

4.

A true and correct copy of all process, pleadings, and orders served upon Defendant The Kroger Co. in this action are attached hereto as Exhibit "E."

5.

(a) At the time of the commencement of this action in Cobb County State Court, and since that time, Plaintiff Sonja Self was and is now, a citizen of Georgia.

(b) Defendant, at the time this action was commenced and at the present time, was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

(c) Plaintiff's claims against "Kroger" must be dismissed because it is not a properly joined defendant in this case and not a property party in interest. "Kroger" is merely the non-entity trade name of The Kroger Co.. not a corporation existing under the laws of the state of Georgia.

(d) Plaintiff's claims against John Does 1-3 are improper and must be dismissed. Fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); Bryant v. Progressive Mountain Ins. Co., 243 F. Supp. 3d 1333, 1343 (M.D. Ga. 2017); Wessinger v. Bd. of Regents of Univ. Sys. of Georgia, No. 1:06CV2626 WSD, 2007 WL 1430388, at *1 (N.D. Ga. May 14, 2007); Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010); New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court.") Plaintiff does not describe the fictitious defendants in his Complaint. Accordingly, the fictitious defendants are required to be dismissed. In any case, fictitious defendants are disregarded entirely with respect to diversity jurisdiction analysis. 28 U.S.C. § 1441(b)(1).

6.

The matter in controversy is between citizens of different States and, as outlined above, the amount in controversy exceeds $75,000.00.

7.

Accordingly, this action, over which the United States District Court for the Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441(b).

8.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441, 28 U.S.C., and §1391(a)(2); see also N.D.G.A. Local Rules LR 3.1 and LR App. 1. The alleged cause of action arose in the Northern District of Georgia; specifically, the activity complained of in Plaintiff's Complaint is alleged to have occurred in Cobb County, Georgia which is part of the Atlanta Division.  N.D.G.A. Local Rule 3.4; LR App. 1.

9.

As required by 28 U.S.C. § 1446(d), Defendant The Kroger Co. shall give written notice hereof to all adverse parties and shall file a copy of this *Petition of Removal* with the Clerk of the State Court of Cobb County, Georgia.

10.

This removal is appropriate and in compliance with 28 U.S.C. § 1446(b)(2)(A) as all defendants who have been properly joined and served join in and consent to the removal of the action.

11.

The instant *Petition of Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b) and Fed.R.Civ.P. 6(a)(1)(C) within thirty days after the receipt by the Defendants of Plaintiff's initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based.

12.

Furthermore, the instant *Petition of Removal* is timely filed, pursuant to and in accordance with 28 U.S.C. § 1446(c)(1), within one year of the service of the summons and Complaint upon Defendant The Kroger Co.

WHEREFORE, Defendants The Kroger Co. requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 4th day of November, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** <br> **MOFFETT & BRIESKE, L.L.P.** <br> 950 East Paces Ferry Road, N.E. <br> Suite 1700 – Salesforce Tower Atlanta <br> Atlanta, Georgia 30326 <br> Telephone:  (404) 870-7436 <br> Facsimile:   (404) 870-7374 | */s/ Dorothy Paul* <br> Matthew G. Moffett <br> Georgia State Bar No.:  515323 <br> Dorothy Paul <br> Georgia State Bar No.: 836822 <br> *Attorneys for The Kroger Co.* |

# CERTIFICATE OF SERVICE AND COMPLAINCE WITH L.R. 5.1

This is to certify that I have this day served a copy of the foregoing with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Johnathan Rosenburg, Esq.
David Byrd, Esq.
BADER SCOTT INJURY LAWYERS
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326

This is to certify further certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this 4th day of November, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | */s/ Dorothy Paul* |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | Dorothy Paul |
| Telephone: (404) 870-7436 | Georgia State Bar No.: 836822 |
| Facsimile: (404) 870-7374 | *Attorneys for The Kroger Co.* |