*Sonja Self v. The Kroger Co.; Kroger, and John Doe*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number: 21-A-3406*

*Sonja Self v. The Kroger Co.; Kroger, and John Doe*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA*

# EXHIBIT A:
# PLAINTIFF SONJA SELF'S COMPLAINT FOR DAMAGES

≋ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-3406**

SEP 23, 2021 03:02 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SONJA SELF, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE KROGER CO., | * |
| KROGER, AND JOHN DOE, | * |
| | * |
| Defendants. | * |

CIVIL ACTION FILE NO.

## COMPLAINT FOR DAMAGES

COMES NOW, SONJA SELF, hereinafter referred to as "Plaintiff", by and through her

undersigned counsel, and files this complaint, showing the court as follows:

## PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia

at all times relevant to this case.

2.

Defendant THE KROGER CO. is a foreign corporation registered to do business and doing

business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service

of process may be perfected upon this Defendant through its registered agent: CSC of Cobb

County, Inc at 192 Anderson Street SE, Ste 125, Marietta, GA 30060.

3.

Defendant KROGER is a domestic corporation registered to do business and doing

business in the state of Georgia is subject to the jurisdiction and venue of this Court. Service of

process may be perfected upon this Defendant at 1475 Buford Drive, Lawrenceville, GA 30043.

4.

Defendant, JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries. Service of process may be perfected upon this Defendant at 1475 Buford Drive, Lawrenceville, GA 30043.

5.

Defendants are subject to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this action.

7.

Venue is proper in this Court.

## **BACKGROUND**

8.

On or about June 14, 2020, Plaintiff was an invitee at the Defendant's Corporation, Kroger, located at 1475 Buford Drive, Lawrenceville, GA 30043.

9.

Defendants had ownership, possession and control over the facility at all times relevant to this litigation.

10.

Plaintiff was in the restroom, in an area permitted to patrons of the facility, when she slipped and fell on an unattended puddle of water coming from a leak.

11.

Plaintiff slipped and fell on a puddle of water.

12.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

13.

As a result of Plaintiff's fall, she suffered injuries including to her knee, hips, neck, back, shoulder.

14.

Plaintiff suffered severe pain and suffering as a result of the fall.

15.

Plaintiff incurred medical expenses for treatment of her injuries in the amount of at least $408,025.68.

16.

Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

## COUNT I

## NEGLIGENT MAINTENANCE OF PREMISES

17.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

18.

Defendants had actual or constructive knowledge of the wet floor creating a hazardous condition for patrons of Defendants' store, including Plaintiff.

19.

Plaintiff had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

20.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

21.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

22.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to prevent the hazard from the employee, in failing to take adequate measures to protect invitees from hazards and other objects on the premises and in failing to keep the premises safe for invitees.

23.

Defendants were negligent in failing to warn Plaintiff of the hazardous condition of the premises.

24.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

## COUNT II

## VICARIOUS LIABILITY

25.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

26.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff tripped were employed by Defendant and were acting within the scope of their employment.

27.

Defendant The Kroger Co., is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

30.

Defendant Kroger was negligent in training and supervising its staff.

31.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV

### UNLIQUIDATED DAMAGES ACT

32.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

33.

Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

- 6 -

34.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of her injuries, pain, emotional distress and general inconvenience.

35.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of this Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

36.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) Plaintiff be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $408,025.68 the exact amount to be proven at trial to fully compensate her for her medical bills;

c) Plaintiff be awarded special damages in an exact amount to be proven at trial to fully compensate her for her medical expenses;

- 7 -

d)   Plaintiff be awarded special damages in the exact amount to proven at trial to fully compensate her for her past and future pain and suffering;

e)   Plaintiff be awarded special damages of attorney fees as Defendant has acted in bad faith, under O.C.G.A. § 9-15-14 as well as O.C.G.A. § 33-4-6;

f)   Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

g)   Process be issued requiring the Defendant to answer according to law;

h)   Plaintiff be granted such further and other relief as is just and proper

Respectfully submitted this 23ʳᵈ day of September, 2021.

**BADER SCOTT INJURY LAWYERS**

**Jonathan Rosenburg**
Georgia Bar # 274204
**David Byrd**
Georgia Bar # 974073
Attorneys for Plaintiff

Bader Scott Injury Lawyers
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
jonathanrosenburg@baderscott.com

- 8 -